# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **HERMAN REED** | **CIVIL ACTION NO. 04-1116** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CITY OF MONROE, ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

# RULING

This case was brought by Plaintiff Herman Reed on behalf of his minor son, Herman Reed, Jr., against Defendants the City of Monroe; Charles Johnikin ("Johnikin"), a Monroe City police officer and the Resource Officer for Carroll Junior High School ("CJHS"); and Timothy Antley ("Antley"), a Monroe City police officer. Plaintiff alleges that on May 20, 2003, Johnikin and Antley used excessive force during the false arrest of his son for trespassing on CJHS property.

On February 10, 2006, Plaintiff filed a Motion in Limine [Doc. No. 41], seeking to exclude the following evidence from trial in this matter:

(1) all exhibits, witnesses, and testimony regarding Quentin Carter's possession of marijuana;

(2) any and all references to Defendants' expert, Mark Dunston's, losses or experiences in Hurricane Katrina;

(3) all exhibits, witnesses, and testimony regarding Defendant Charles Johnikin's good character; and

(4) any and all testimony of Mark Johnston.

On February 16, 2006, Defendants filed an Opposition to Motion in Limine [Doc. No.

43].

The Court resolves Plaintiff's Motion in Limine as follows:

A. **Timeliness**

As Defendants point out, Plaintiff's Motion in Limine is untimely. Under the March 23, 2005 Scheduling Order, the deadline for filing motions in limine was October 26, 2005. At the pretrial conference on November 10, 2005, no motion in limine had been filed. At that time, the Court continued the trial to February 20, 2006. The Court set a pretrial submissions deadline of February 10, 2006. However, no party requested that the date for filing motions in limine be extended or re-set. Accordingly, the Court could choose to deny Plaintiff's Motion in Limine as untimely.

However, because this case was continued, the Court has taken into consideration that there may be some confusion surrounding the proper submission date and will address the substantive merits of the motion. The Court will not prejudice Defendants' case to the extent that they believed that there were no objections to their witnesses.

B. **Exhibits, Witnesses, and Testimony Regarding Quentin Carter's Possession of Marijuana**

Johnikin allegedly will testify that when he first approached him Herman Reed, Jr. ("Reed") was talking with another young man, Quentin Carter ("Carter"), on the CJHS side of the street. According to Johnikin, the two boys then ran across the street, but were stopped by other officers he had notified by radio. Carter was questioned and searched and was found to be in possession of marijuana.

Reed and Carter allegedly will testify that Carter was always across the street from CJHS.

Reed allegedly will testify that he and another young man crossed the street and approached Carter.

Carter was subsequently searched by Monroe City police officers and found to be in possession of marijuana. According to Defendants, Carter pled guilty to possession of marijuana with the intent to distribute.

Plaintiff moves to exclude any evidence or testimony regarding Carter's possession of marijuana under Federal Rules of Evidence 401 and 403 on the basis that this evidence is irrelevant and, even if relevant, unduly prejudicial.

Defendants argue that under Federal Rule of Evidence 608 and 609 they should be entitled to cross examine Carter because he pled guilty to a crime which "requires furtive and cunning dishonesty." [Doc. No. 43, p. 4].

First, the Court notes that the parties actually address two separate issues: (1) whether any mention can be made of the fact that Carter was found in possession of marijuana at the time of his arrest on May 20, 2003, and (2) whether Defendants can introduce into evidence his subsequent conviction for possession of marijuana with intent to distribute.

Under Rule 401, evidence is deemed relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The central issue in this case is Reed's alleged wrongful arrest and the alleged excessive force used by Defendants. While the case is not about Carter, he was a participant and key witness to the events that took place. To this extent, the fact that Carter was found in possession of marijuana by the officers when he was allegedly standing with Reed is relevant to determining whether the officers were acting

3

reasonably under the circumstances.

The Court acknowledges that there is some danger of prejudicial effect on Reed and, hence, support for his argument that this evidence should be excluded under Rule 403. *See* Fed. R. Evid. 403 (Relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice . . . ."). However, the jury will also hear from all witnesses that Reed was <u>not</u> found in possession of marijuana and will hear from Reed that he had not even been standing with Carter on the CJHS side of the street. Additionally, the Court will consider issuing a limiting instruction to the jury, if Plaintiff wishes, regarding the evidence that Carter was in possession of marijuana on May 20, 2003, at the same time Reed was arrested. Plaintiff's Motion in Limine is DENIED IN PART to this extent.

The Court must also address the potential introduction of evidence of Carter's conviction for possession of marijuana with intent to distribute. Under Rule 609(a), evidence that a witness has been convicted of a crime is admissible in two ways: (1) "if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and . . . the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused"; or (2) if the crime "involved dishonesty or false statement." Fed. R. Evid. 609(a).

Defendants contend that possession of marijuana with intent to distribute by its nature involves dishonesty. The Court disagrees. This is not the type of crime, such as embezzlement or theft, which by its nature calls into question Carter's honesty or propensity for falsehood. Accordingly, the conviction is not admissible for this reason.

Defendants do not contend in their memorandum that Carter's crime of conviction was punishable by imprisonment in excess of one year. If it were, however, the Court finds that the

prejudicial effect of admitting this evidence is not outweighed by its limited probative value when the jury will already hear that officers discovered marijuana on Carter's person during his arrest. Therefore, the Court will not allow introduction of Carter's conviction for possession of marijuana with intent to distribute into evidence at the trial in this matter. To this extent, Plaintiff's Motion in Limine is GRANTED IN PART.

> C. **Any and All References to Defendants' Expert, Mark Dunston's, Losses or Experiences in Hurricane Katrina**

Defendants employed Mark Dunston ("Dunston") as an expert in excessive force and proper training techniques. During his deposition, Dunston referred to his recent experiences in Hurricane Katrina, including difficulties in timely rendering an opinion in this case. Plaintiff has moved to exclude any reference by Dunston to his experiences or losses in Hurricane Katrina. Defendants have responded that they do not intend to convey Dunston's Hurricane Katrina experiences to the jury if Dunston testifies.[1]

Therefore, Plaintiff's Motion in Limine on this issue is GRANTED.

> D. **All Exhibits, Witnesses, and Testimony Regarding Johnikin's Good Character**

Plaintiff has moved to exclude testimony from witnesses Jimmy Jones, the principal at CJHS, and Donald Green and David Breithaup, assistant principals at CJHS. These witnesses will allegedly testify in support of Johnikin's good character.

Defendants respond that this is a case dealing with truthfulness and character and that Johnikin may introduce evidence of good character for truthfulness in response to direct or indirect allegations that he is dishonest or untruthful.

---

[1] Defendants have indicated that they do not intend to call Dunston as a witness unless the Court excludes the testimony of Mark Johnston. In light of the Court's ruling that Mark Johnston's testimony is admissible, this issue appears moot.

Under Federal Rule of Evidence 404(a), "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion" except as otherwise provided. Fed. R. Evid. 404(a). There are three exceptions to this general ban on the use of character evidence. The first two exceptions, referring to the character of the "accused" and the character of the "alleged victim" have been generally "viewed the exceptions as applicable only to criminal cases." *Carson v. Polley*, 689 F.2d 562, 575 (5th Cir. 1982) (citing 2 WEINSTEIN & BURGER, WEINSTEIN'S EVIDENCE, P 404(03), pp. 404-20 (1981); 10 MOORE'S FEDERAL PRACTICE § 404.01(5.-1)-(a), pp. 90-92 (1982)). However, the Fifth Circuit has "held that when a central issue in a case is 'close to one of a criminal nature,' the exceptions to the Rule 404(a) ban on character evidence may be invoked." *Id.* (citing *Crumpton v. Confederation Life Ins. Co.*, 672 F.2d 1248, 1253 (5th Cir. 1982)). In *Carson*, the Fifth Circuit found that allegations against defendants that they used excessive force in arresting the plaintiff and booking him into jail were sufficient to invoke the two typically criminal exceptions to Rule 404(a). *Id.*

The Court has considered whether evidence that Johnikin as the "accused" may offer evidence of his reputation for truthfulness to show that he is testifying truthfully about the events of May 20, 2003. The Court finds that Johnikin may not offer this evidence under Rule 404(a)(1) because the central issue is not his truthfulness, but his propensity for violence or use of excessive force.

On the other hand, if Plaintiff attacks Johnikin's character for truthfulness in his case in chief, directly or indirectly, then Defendants may be able to present testimony of Johnikin's good character for truthfulness. *See* Fed. R. Evid. 608. However, this is not a determination that the Court can make at this time, but must be made at trial, depending on the evidence presented.

Accordingly, Plaintiff's Motion in Limine on this issue is DENIED at this time, subject to Plaintiff's right to re-urge the motion at the appropriate time.

### E. Any and All Testimony of Mark Johnston

Finally, Plaintiff has moved to exclude the testimony of Mark Johnston ("Johnston"), a Monroe City Police Officer who will testify regarding the training of the City police officers. Plaintiff contends that such testimony should be excluded under Rule 403 because it is duplicative of the testimony that may be offered by Johnikin and other officers.

Defendants respond that Johnston's testimony will not "mirror" the testimony of other officers. Rather, his testimony "will focus on Reed's contention that the City failed to adequately train its officers." [Doc. No. 43, p. 8]. Defendants further state that the "opinion testimony of Johnston is sufficiently probative to outweigh any danger of cumulation, undue delay or wasting of time." [Doc. No. 43, p. 8]. If the Court determines that Johnston's testimony is inadmissible, Defendants move in the alternative to add Dunston to their will-call witness list.

It is unclear to the Court whether Defendants intend to introduce Johnston as an expert witness or a fact witness. Assuming that he is offered as a fact witness with particularized knowledge on the training provided to Monroe City police officers, then the Court will allow his testimony under Rules 401 and 403. While it is not completely clear, the Court makes this ruling with the understanding that Johnston has some particular role in training officers for the City of Monroe. He can therefore testify about the City of Monroe's policies, procedures, and specifics of training.

However, to the extent that Defendants seek to elicit opinion testimony from Johnston, the Court will only allow such testimony under Federal Rule of Evidence 702 if Johnston was properly disclosed as an expert.

Because of the late filing of the Motion in Limine, if Defendants contend they are prejudiced by this Court's ruling, they are given leave to add Dunston to their will-call witness list.

Plaintiff's Motion in Limine regarding Johnston is DENIED.

Monroe, Louisiana, this 17th day of February, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE